PEOPLE v MORRISON

Docket No. 109066. Submitted November 20, 1989, at Detroit. Decided
February 7, 1990.

Garth Morrison was convicted by a jury in Detroit Recorder's
Court, Wendy M. Baxter, J., of felonious assault and possession
of a firearm during the commission of a felony. Defendant
appealed, claiming that the court erred, so as to require rever-
sal, in admitting for impeachment purposes evidence of defen-
dant's 1974 conviction for murder.

The Court of Appeals *held*:

MRE 609(a), prior to an amendment effective after the date
of defendant's convictions, provided that evidence of a prior
conviction was not to be used for impeachment purposes unless
the probative value of such evidence outweighed its prejudicial
effect. In this case, evidence of defendant's prior conviction was
of low probative value and it had great prejudicial effect.

Reversed and remanded.

CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT.

In proceedings prior to March 1, 1988, evidence of a defendant's
prior conviction could not be used for impeachment purposes
unless the probative value of such evidence outweighed its
prejudicial effect; in determining probative value, the degree to
which the prior conviction was indicative of veracity and the
recentness or remoteness of the prior conviction were consid-
ered; in assessing prejudicial effect, the similarity of the prior
conviction to the charged offense and the importance of the
defendant's testimony to the decisional process were considered
(MRE 609[a]).

*Frank J. Kelley*, Attorney General, *Louis J.
Caruso*, Solicitor General, *John D. O'Hair*, Prose-
cuting Attorney, *Timothy A. Baughman*, Chief,
Criminal Division Research, Training and Appeals,

REFERENCES
Am Jur 2d, Witnesses §§ 569, 571, 577, 582.
Right to impeach credibility of accused by showing prior conviction,
as affected by remoteness in time of prior offense. 67 ALR3d 824.

and *Janet A. Napp,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Herb Jordan*), for defendant.

Before: WAHLS, P.J., and GRIBBS and SHEPHERD, JJ.

PER CURIAM. Defendant was convicted by a jury of one count of felonious assault, MCL 750.82; MSA 28.277, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to three months to four years for the assault conviction and to two years on the felony-firearm conviction. Defendant appeals as of right. We reverse.

It is defendant's contention that the trial court erred, so as to require reversal, by admitting defendant's 1974 murder conviction for impeachment purposes. Because defendant was convicted prior to March 1, 1988, the preamendment version of MRE 609(a)(2) is applicable to this case. *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988). That court rule directs that prior convictions may not be used for impeachment purposes unless their probative value outweighs their prejudicial effect. In determining the probative value of a conviction, the degree to which the crime is indicative of veracity should be considered. *Id.* The court should also consider how recent or remote in time the prior conviction is. *Allen, supra,* pp 605-606. In assessing the prejudicial effect of a prior conviction the court should consider how similar it is to the charged offense and how important defendant's testimony is to the decisional process. *Id.*

In the instant case we find that the trial court

erred in admitting into evidence defendant's prior conviction. First, defendant's prior conviction has a low probative value. Murder is an assaultive crime. Assaultive crimes have a low probative value with respect to veracity. *Allen, supra,* p 611. Additionally, the murder conviction was entered in 1974 and thus has a low probative value because of its remoteness in time.

Furthermore, introduction of defendant's murder conviction would have a great prejudicial effect. The prior conviction, being assaultive in nature, is very similar to the instant offense. Defendant's testimony was also very important to the decisional process.

The instant offense occurred when a court bailiff and a few police officers went to defendant's home to enforce an eviction order. The police tried to gain entry into the home but were unable to. Defendant stuck his head out the window and aimed a shotgun at them. Defendant later came out of his house voluntarily and was arrested.

It was defendant's defense at trial that he did not know that the people trying to enter his home were police officers or why they were there. Defendant thought his house was being broken into. Defendant thus claimed he pulled out his shotgun in self-defense. The facts of this case presented a credibility contest between the police and defendant, and defendant's testimony was therefore very important. We conclude that the trial court erred in admitting evidence of defendant's prior conviction.

We further find that the error was not harmless beyond a reasonable doubt. We believe a reasonable juror could have voted to acquit defendant on the basis that he was disoriented and believed that the people outside of his house were trying to break in for the purpose of robbing his home.

Defendant's convictions are therefore reversed and the case is remanded. Our disposition of this case renders it unnecessary to address defendant's remaining appellate issues.

Reversed and remanded.